IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES TAYLOR                                                                                    PLAINTIFF

v.                                                                                           No. 2:05cv381KS-MTP

JOHN BEARRY, et al.                                                                         DEFENDANTS

### ORDER ON MOTIONS

THIS MATTER is before the court for consideration of various motions filed by the plaintiff including Motions [75][85][86] to amend and Motions [72][73][89] requesting injunctive or other relief. The court having carefully considered the matter hereby finds and orders as follows:

**Background**

Plaintiff Charlie Taylor, a state prisoner proceeding *pro se,* filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on June 16, 2005. In his Complaint [1] Taylor alleges that his constitutional rights were violated because of inadequate medical and dental care, denial of medical and dental care, and inadequate conditions of confinement with regard to meals. He further alleges a violation of his due process rights with regard to his reclassification and a conspiracy "to cover up the denial of my diet meal and for fear of being exposed for their crimes against me."[1] Plaintiff alleges that he has "been trying to get a new partial since July 2001," and that after he had his tooth pulled "the missing tooth cause the partial to not fit."[2] He names as

---

[1] Complaint [1-1], page 5 of 20.

[2] See Complaint [1-1], "Statement of Claim" page 4 of 20.

1

defendants John Bearry, Thomas Leham, Kentrell Liddell, Steve Holtz, Beverly Shelly, Charles Allen, Marcus Hill, Kerrin Flowers and Maxine Lynch.  According to the complaint, all defendants are employees of the Mississippi Department of Corrections (MDOC).[3]

Plaintiff filed his first motion [6] to amend as an attachment to his complaint on June 16, 2005.[4]  The court considered this filing to be a part of his original complaint.  On July 7, 2005, plaintiff filed his second motion [3] to amend complaint.  That motion [3] was granted by the court's text order of October 18, 2005.  On October 14, 2005, the clerk issued summonses for service upon Kerrin Flowers, Maxine Lynch, John Bearry, Verlena Flagg, Thomas Leham, Kentrell Liddell, Steve Holtz, Beverly Shelby, Charles Allen, Marcus Hill.  The court directed the plaintiff to file his amended complaint on or before November 15, 2005.  The plaintiff failed to file said amended complaint and instead filed another motion [16] to amend his complaint. This motion [16] was granted by the court's text order of December 6, 2005.  This text order clarified that plaintiff's motion would be construed as amending the complaint. The motion merely alleges that plaintiff will call another inmate, Carl Porter, as a witness in this case who has allegedly been assaulted by some of the defendants.  Plaintiff contends his amendment "reveals a repetition practice of violence and inadequate medical treatment of prisoners and this evidence and the continuous abuse of medical staff is necessary to support Taylor's claims."

---

[3]Maxine Lynch, Verlena Flagg, Kentrell Liddell and Beverly Shelby were served with process and have filed an answer [34].  Subsequent to the filing of an answer, defendants Maxine Lynch, Beverly Shelby, and Verlena Flagg were dismissed without prejudice upon plaintiff's motion. *See* Plaintiff's Motion to Dismiss [32].

[4]*See* Complaint [1-1] page 6 of 20.

Motion [16] ¶6. On December 7, 2005, an Amended Complaint [20][5] was docketed.

On December 19, 2005, plaintiff filed an additional Motion [22] to amend his complaint. On January 10, 2006, plaintiff filed yet another Motion [23] to amend his complaint. The court granted the motions [22][23] by text order on January 12, 2006, and allowed the motions to be construed as amended pleadings. In his motions [22][23], plaintiff asserted that he has now exhausted his administrative remedies concerning his cardiovascular diet tray. Plaintiff also contended that Correctional Corporations of America[6] should be brought in as a defendant.[7]

On February 27, 2006, plaintiff filed another Motion [24] to amend, and on March 20, 2006, plaintiff filed yet another Motion [25] to amend. The court granted the motions [24][25] by text order on April 3, 2006, and allowed the motions [24][25] to be construed as amended pleadings.

Plaintiff's Motion [24] to amend alleges that in addition to being denied his cardiovascular diet tray on December 3, 2004, as brought out in his original complaint [1], plaintiff was also "hindered from receiving his diet" by prison officials on October 11, 2005, and on October 12, 2005.[8]

---

[5]This docket entry appears to be a duplicate of the plaintiff's prior motion to amend [16] along with additional filings that include a memorandum opinion in civil action no. 2:05cv2113-KS-JMR which is an unrelated matter.

[6]Plaintiff asserts that he was transferred to this facility on October 17, 2005. Motion [23] ¶ 2. He alleges this transfer was in retaliation for his civil litigation pending. Motion [23] ¶4.

[7]Correctional Corporations of America has not been served with process and the court has not ordered that summons be issued.

[8]He notes that he has now exhausted administrative remedies being that he received his rejections letters in October and November before the filing of the Motion [22]. Motion [22], ¶ 2.

Plaintiff's Motion [25] to amend alleges that Verlena Flagg falsified Rule Violation Reports (RVR's) to justify improper housing and improper classification. Plaintiff contends that he has not been classified to work because of his chronic health conditions and that "his primary purpose is incarceration not employment."[9]

On April 6, 2006, summonses were reissued by the clerk of court for service upon defendants Kerrin Flowers, Maxine Lynch, John Bearry, Verlena Flagg, Thomas Lehman, Kentrell Liddell, Steve Holtz, Beverly Shelby, Marcus Hill, and Charles Allen.[10] Summonses were returned executed as to Verlena Flagg, Maxine Lynch, Maxine Lynch, Beverly Shelby and Kentrell Liddell.

However, after serving process, plaintiff filed a motion [32] to dismiss certain defendants and the court granted the motion [66].[11] Plaintiff's voluntary dismissal of those defendants leaves Kentrell Liddell as the only remaining defendant that has been properly served with process.[12] By order dated February 5, 2007, the court directed the plaintiff to submit the addresses of the remaining defendants on or before March 1, 2007, so that process could be issued for the defendants not yet served. However, he has failed to do so despite the court's

---

[9]Motion [25], ¶2, ¶3.

[10]The clerk attached to the summons all of the motions to amend and the complaint. *See* docket entry [26].

[11]As a result, the claims against Maxine Lynch, Beverly Shelby and Verlena Flagg were dismissed. *See* Motion to Dismiss [32].

[12]Plaintiff disputes this fact and insists that all defendants have been properly served. *See* Motion [78] Opposing Order on Motions ¶3.

4

warning [66] that these defendants may be dismissed.[13]

**Pending Motions to Amend**

On or about February 21, 2007, plaintiff filed another motion [75] to amend his complaint seeking to name as new defendants Dr. Myung Kim and Dr. Juan Santos. He followed up with another motion to amend on March 13, 2007, [85] and yet another one just six (6) days later. [86][14] He alleges that these defendants acted with deliberate indifference to his medical needs and refers to his Motion [70] for Off-Site Medical Care. In this Motion [70], plaintiff alleges that on September 15, 2006, he saw Dr. Kim and was denied "his annual shots to keep his syphilis under control."[15] As to Dr. Juan Santos, the motion alleges that "he [plaintiff] is completely deaf in his right ear" and when he saw Dr. Santos on December 16, 2005, plaintiff "was not treated" for his right ear.[16]

The court notes that these claims are unrelated in time and scope to plaintiff's original claims filed in this case and involve events at different prison facilities. The alleged denial of the dental partial that plaintiff wanted replaced and the alleged denial of adequate prison meals are alleged to have occurred in 2001. According to the plaintiff, he was transferred from South

---

[13]It is noteworthy that plaintiff is not proceeding *in forma pauperis*. Accordingly, it is his duty to serve process upon the defendants.

[14]Plaintiff's Motion [85] to Amend duplicates the allegations in the other Motion [75] to Amend. Plaintiff's Motion [86] to Amend cites another civil case, *Presley v. Epps* No. 4:05cv148, which is completely unrelated to this matter. To the extent the motion seeks to amend and allege the claims of inadequate medical and dental care as stated in plaintiff's original complaint [1] the motion appears be unnecessary and raises issues already before the court. To the extent that the motion attempts to add even more claims, it will be denied.

[15]Motion [70] ¶6.

[16]Motion [70] ¶6.

Mississippi Correctional Institution (SMCI) to Mississippi State Penitentiary (MSP) in May of 2002.[17] Thereafter, plaintiff was apparently transferred to Delta Correctional Facility on October 17, 2005. This latter transfer is the basis for plaintiff's retaliation claim.[18]

The court should freely grant leave to amend "when justice so requires." *See* Fed.R.Civ.P. 15(a). Nevertheless, such leave is not automatically granted. *See Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir.1993). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc. -the leave sought should, as the rules require, be 'freely given.'" *Whitmire v. Victus Ltd.,* 212 F.3d 885, 889 (5th Cir.2000) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, "the court need not permit [the plaintiff] to bring new allegations in this action that are unrelated both temporally and in subject matter to the claims forming the basis of this action." *Brown v. Bowles*, No. 3:99-CV-2158-BC, 2000 WL 980011, at *4 (N.D. Tex. July 17, 2000) *citing Gartrell v. Gaylor, 866* F.Supp 325, 331-32 (S.D. Tex.1994).

The court declines to permit the amendments sought in plaintiff's latest motions to amend [75][85][86]. The court has *liberally* authorized amendments in this case, having allowed seven (7) such amendments to this point.[19] At some point, however, the factual basis underlying this case must come to a temporal close. *See Id.* Moreover, plaintiff's constant motions to amend

---

[17]Complaint [1] ¶5.

[18]*See* Motion [23] ¶ 2.

[19]See Motions [6][16][20][22][23][24][25].

have reached the point of being dilatory and causing undue delay. Plaintiff must bring a separate action for the claims he attempts to assert in his latest motions to amend [75][85][86] including the unrelated claims concerning Dr. Myung Kim and Dr. Juan Santos. *Id*.

This case has been pending for almost two (2) years and cannot proceed to disposition if plaintiff continues to amend his allegations every few weeks. Further, the court desiring to resolve the matters already before it and the plaintiff having been allowed to amend his complaint *ad nauseum*, no further amendments will be permitted.

**Issuance of Process**

The court reminds the plaintiff that it is his responsibility to effect service of process as plaintiff is not proceeding *in forma pauperis*. The plaintiff is further cautioned that failure to properly serve the remaining named defendants in this case may result in dismissal of the defendants.

Plaintiff seems to assert in some pleadings [72],[73],[89] that he is somehow hindered by prison officials from serving process due to an alleged denial of access to his legal documents. Conversely, plaintiff also has asserted that he has served process on all defendants. *See* Motion [76] Opposing Report and Recommendation, ¶3. Nevertheless, out of an abundance of caution, the court will direct counsel for defendant to respond to plaintiff's motions [72][89] so that this issue may be addressed.

IT IS, THEREFORE, ORDERED AND ADJUDGED, that

1.) Plaintiff's Motions to Amend [75][85][86] are DENIED;

2.) Plaintiff will not be permitted to further amend his complaint;

3.) Plaintiff's Motion [73] to appear before the court to argue his motion is denied at

this time; and,

4.)    Defendant shall respond to the plaintiff's motions [72][89] on or before May 8, 2007.

SO ORDERED this the 23rd day of April, 2007.

                              s/ Michael T. Parker
                              United States Magistrate Judge