IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHARLIE TAYLOR**                                                                                          **PLAINTIFF**

**CIVIL ACTION NO. 2:05cv381-KS-MTP**

**JOHN BERRY, et al**                                                                                    **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's *Motion* [70] *for Off-Site Medical and Dental Care*, *Motion* [90] *for Adequate Diet*, and *Motion* [91] *for Hernia Repair Surgery*. As the motions are subject to the same legal analysis and the court's recommendation as to each is the same, they are considered together. The undersigned having carefully reviewed the plaintiff's submissions, the record in this case and the applicable law recommends that these motions be DENIED.

In this civil rights action brought by a state prisoner under 42 U.S.C.§ 1983, plaintiff complains of deliberate indifference to his medical needs, particularly his dental needs. Liberally construed, his complaint also raises a due process violation when he was allegedly reclassified, conspiracy and retaliation. His complaint demands, *inter alia,* an injunction to protect his "health and welfare" and to "prohibit further abuse contrary to policy and law...." *Complaint* [1-1], page 4. He further demands the arrest, indictment and prosecution of various prison officials and employees. *Id*.

Liberally construing the plaintiff's motions or requests, the court finds them to be in the nature of a demand for a preliminary injunction. Plaintiff moves the court for the following:

1

(1) medical and dental care at a facility outside of the prison walls to ensure proper medical care, *Motion* [70-1] ¶3; (2) "to ensure that he receives his proper cardiovascular diet and to protect his life, health and welfare," *Motion* [90-1], ¶ 6; and (3) an order directing the defendants "to provide hernia surgery to repair his abdomen immediately." *Motion* [91-1] ¶ 3.

To obtain injunctive relief, a plaintiff must satisfy the stringent requirements set forth in *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5th Cir. 1985) *citing Canal Authority of State of Florida v. Callaway*, 489 F.2d. 567 (5th Cir. 1974).  While the granting of preliminary injunctive relief is left to the sound discretion of the trial court, the moving party bears the burden of satisfying the four prerequisites for this extraordinary relief. *Canal Authority of State of Florida v. Callaway*, 489 F.2d. 567, 572 (5th Cir. 1974).

The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest. *Id*.  These requirements are not balanced.  Instead, each one must be met before the court can provide such extraordinary and drastic relief. *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985)

The plaintiff's motions fall short when tested by these standards.  The motion for offsite medical and dental care [70] reiterates plaintiff's complaints that his medical needs are being met with deliberate indifference, but in no way establishes with any likelihood that he will prevail on the merits or that there is a substantial threat of imminent irreparable injury justifying extraordinary relief.  Plaintiff's motion [70] makes clear that he has access to medical care and has seen various

doctors for the conditions at issue; however, he believes that these doctors should be providing more or different treatment.[1] Similarly, plaintiff's motion for immediate hernia repair surgery [91] fails to demonstrate or establish a substantial likelihood that he will prevail on this claim such that injunctive relief would be appropriate. If plaintiff's claims regarding his medical treatment are meritorious, appropriate relief may be awarded or obtained at trial.

Likewise, plaintiff's meal preferences of a diet tray and a snack bag, for hot meals at all times, a "cardiovascular diet," and meals of better nutritional value as set forth in his motion for adequate diet [90] do not warrant extraordinary relief and can be adequately addressed in the final resolution of this suit. In this motion [90], plaintiff makes a general demand for "adequate food" and for an order to protect his "health and welfare," *Motion* [90] p. 6.

A primary justification for granting preliminary injunctive relief is to preserve the court's ability to render a decision on the merits. *Mississippi Power & Light Co.,* 760 F.2d at 627. This court concludes that it will be able to render a meaningful decision on the merits without granting the requested relief. The court further finds that plaintiff has failed to make the showing required for injunctive relief. Therefore, mindful of the foregoing standards, it is the recommendation of the undersigned that the court deny the Motions [70][90][91] for injunctive relief.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636 (b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party.

---

[1] Plaintiff contends that he has been able to see several doctors about his medical needs, but they are not providing the treatment he desires. *Motion* [70-1] ¶ 6.

The District Judge may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 26TH day of April, 2007.

s/ Michael T. Parker
United States Magistrate Judge