IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES TAYLOR                                                                                    PLAINTIFF

v.                                                                                    No. 2:05cv381KS-MTP

JOHN BERRY, et al.                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION

THIS MATTER is before the court for consideration of plaintiff's Motion For Preliminary Injunction [89]. Having considered the motion along with the entire record and the applicable law, the court recommends that the motion be denied.

Plaintiff's motion contends that his outgoing mail has been opened and read by prison officials and further contends, in very general terms, that this activity has somehow denied him access to the courts. Defendants deny interfering with plaintiff's mail and further assert that plaintiff enjoys full access to the court system. *Response* [116].

To obtain injunctive relief, a plaintiff must satisfy the stringent requirements of *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5th Cir. 1985) *citing Canal Authority of State of Florida v. Callaway*, 489 F.2d. 567 (5th Cir. 1974). While the granting of preliminary injunctive relief is left to the sound discretion of the trial court, the moving party bears the burden of satisfying the four prerequisites for this extraordinary relief. *Canal Authority of State of Florida v. Callaway*, 489 F.2d. 567, 572 (5th Cir. 1974).

The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not

1

granted; (3) the threatened injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest. *Id*. These requirements are not balanced. Instead, each one must be met before the court can provide such extraordinary and drastic relief. *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985)

The plaintiff's motion [89] falls short when tested by these standards. The motion contends that plaintiff's outgoing and incoming mail is being obstructed by prison staff contrary to MDOC policy, but in no way establishes with any likelihood that he will prevail on the merits or that there is a substantial threat of imminent irreparable injury.

It appears from the record that the plaintiff currently has his mail censored due to his receipt of mail containing concealed contraband.[1] As a result, his incoming mail and outgoing mail is opened and inspected, and only mail contrary to regulations is returned to the sender.[2] The defendants' response [116] establishes that this procedure is for inspection only and not for purposes of restricting his access to the courts.

More importantly, it is abundantly clear from the record in this case and in plaintiff's other pending case[3] that plaintiff enjoys extraordinary access to the court system. The dockets in these matters reveal that plaintiff has filed literally scores of pleadings or the records with the court in the past several months. Plaintiff's allegation that his access to the courts has been restricted is patently frivolous.

---

[1] Response [116], Exhibit D *Affidavit of Linda Weeks*.

[2] Response [116], Exhibit D *Affidavit of Linda Weeks*.

[3] See docket in civil action no. 2:05cv44 KS-MTP.

Accordingly, the court finds that injunctive or other extraordinary relief is not warranted. Likewise, plaintiff's request that certain officials be arrested and indicted[4] does not meet any of the above requirements and falls outside of the scope of appropriate relief in a civil matter. Therefore, mindful of the foregoing standards, it is the recommendation of the undersigned that the court deny the motion [89] for preliminary injunction.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636 (b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 29th day of May, 2007.

s/ Michael T. Parker
United States Magistrate Judge

---

[4] Motion [89], ¶ 1.