IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES TAYLOR                                                                    PLAINTIFF

v.                                                                    **No. 2:05cv381KS-MTP**

JOHN BERRY, et al.                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court for consideration of plaintiff's Motion For Preliminary Injunction [93,94]. Having considered the motion along with the entire record and the applicable law, the court recommends that the motion be denied.

Plaintiff's motion requests the court to order the arrest of Dr. Lehman and to further order that the plaintiff receive an appropriate cardiovascular diet. The defendants contend that plaintiff's diet is being monitored, that he is receiving a cardiovascular diet,[1] that he is not entitled to extraordinary relief, and that injunctive relief is not appropriate. *Response* [127].

To obtain injunctive relief, a plaintiff must satisfy the stringent requirements of *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5th Cir. 1985) *citing Canal Authority of State of Florida v. Callaway*, 489 F.2d. 567 (5th Cir. 1974). While the granting of preliminary injunctive relief is left to the sound discretion of the trial court, the moving party bears the burden of satisfying the four prerequisites for this extraordinary relief. *Canal Authority of State of Florida v. Callaway*, 489 F.2d. 567, 572 (5th Cir. 1974).

The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the

---

[1]Response [127-2], *Affidavit of Thomas M. Lehman*.

1

merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest. *Id*. These requirements are not balanced. Instead, each one must be met before the court can provide such extraordinary and drastic relief. *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

The plaintiff's motion [93,94] falls short when tested by these standards. The motion fails to establish with any likelihood that he will prevail on the merits or that there is a substantial threat of imminent irreparable injury. More importantly, the person to whom the motion is directed is not before the court as Thomas Lehman has yet to be served with process. Moreover, to the extent that the motions requests the court to order the arrest of Dr. Lehman the motion demands relief that is not available or appropriate in a civil action pursuant to 42 U.S.C. § 1983.

A primary justification for granting preliminary injunctive relief is to preserve the court's ability to render a decision on the merits. *Mississippi Power & Light Co.*, 760 F.2d at 627. This court concludes that it will be able to render a meaningful decision on the merits without granting the requested relief. Accordingly, the court finds that injunctive or other extraordinary relief is not warranted. Therefore, mindful of the foregoing standards, it is the recommendation of the undersigned that the court deny the motion [93,94] for preliminary injunction.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636 (b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party.

The District Judge may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 29th  day of May, 2007.


s/ Michael T. Parker
United States Magistrate Judge

3