IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES TAYLOR                                                                                    PLAINTIFF

v.                                                                                    **No. 2:05cv381KS-MTP**

JOHN BERRY, et al.                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court for consideration of plaintiff's Motion To Compel [95], which is in the nature of a demand for injunctive relief. Having considered the motion along with the entire record and the applicable law, the court recommends that the motion be DENIED.

Liberally construing the plaintiff's motion or demand for a preliminary injunction, plaintiff asks the court to: 1)issue an arrest warrant for Officer Jennifer Bulby, and 2)to "compel Unit 32-D building staff and Unit 32 Administration to mail [plaintiff's] outgoing legal mail dated April 1, 2001, to his home immediately or return his mail back to him." Motion [95], ¶5. Plaintiff claims that the actions of these non-parties mentioned in the motion have somehow denied him access to the courts. Defendants filed a response wherein they denied the allegations and attached as an exhibit to their response [133] the MDOC mail policy with regard to inmate mail [133-2].

Officer Jennifer Bulby and others generally cited in the motion are not parties to this case, plaintiff's requests do not involve the facts or other matters at issue in this case, and extraordinary relief is not warranted. In addition, the court has previously addressed plaintiff's claims that he is being denied access to the courts in this case and found the claims to be patently frivolous. *See* Report and Recommendation [138], page 2. Plaintiff has filed literally scores of

1

pleadings over the last few months and has enjoyed extraordinary access to the courts.[1]

Plaintiff merely continues to assert new claims against persons who are not parties to the case and further seeks to use this case as a vehicle to include whatever claims he chooses to assert against any prison official, including claims which bear no relationship to those asserted herein.[2]  He asserts these claims under the guise of "retaliation."  "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims."  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995).

As to plaintiff's request for relief, this court has previously addressed a similar claim and has recommended that injunctive relief be denied.  *See* Report and Recommendation [138]. The analysis therein sets forth, the four prerequisites for injunctive relief: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest.  *Canal Authority of State of Florida v. Callaway*, 489 F.2d. 567, 572 (5th Cir. 1974).  These requirements are not balanced.  Instead, each one must be met before the court can provide such extraordinary and drastic relief.  *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Additionally, a primary justification for granting

---

[1] See numerous pleadings filed and docketed in plaintiff's pending cases Civil Action No. 2:05cv44 and 2:05cv381.

[2] The court has already addressed plaintiff's request to amend his complaint, ordering no further amendments [99] after having allowed seven (7) amendments to date.  As plaintiff must bring a separate action for the claims he attempts to assert in his latest motion alleging retaliation.

preliminary injunctive relief is to preserve the court's ability to render a decision on the merits. *Mississippi Power & Light Co.,* 760 F.2d at 627. This court concludes that it will be able to render a meaningful decision on the merits without granting the requested relief. Additionally, plaintiff's demand for the court to arrest certain officials calls for relief that is not appropriate in this civil action brought pursuant to 42 U.S.C. § 1983.

Therefore, mindful of the foregoing standards, it is the recommendation of the undersigned that the court DENY the motion [95].

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636 (b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 4th day of June, 2007.

s/ Michael T. Parker
United States Magistrate Judge