IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHARLIE TAYLOR**                                           **PLAINTIFF**

                                 **CIVIL ACTION NO. 2:05cv381-KS-MTP**

**JOHN BERRY, et al**                               **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's *Motions* [108][119] *to Compel*,[1] and the court having considered the motions and the entire record recommends that they be DENIED.

In this civil rights action brought by a state prisoner under 42 U.S.C.§ 1983, plaintiff complains of deliberate indifference to his medical needs, particularly his dental needs. *Complaint* [1-1], p. 4. He further demands the arrest, indictment and prosecution of various prison officials and employees. *Id*.

As to the plaintiff's motions [108][119], the court finds them to be in the nature of a demand for a preliminary injunction. Plaintiff moves the court for the following: (1) to order the "medical director Thomas Lehman to provide Taylor his random penicillin shots for syphilis as requested and to maintain this treatment every five (5) years after to sustain Taylor's health," *Motion* [108] ¶3; and (2) to order the arrest and indictment of Dr. Thomas Lehman and Dr. Juan Santos, as well as their continued detention in Oxford, Mississippi, to assure that he receives medications at times he deems appropriate. *Motion* [119] ¶4.

To obtain injunctive relief, a plaintiff must satisfy the stringent requirements of

---

[1] As the motions request essentially the same or similar relief they are considered together.

*Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618 (5th Cir. 1985) *citing Canal Authority of State of Florida v. Callaway*, 489 F.2d. 567 (5th Cir. 1974). While the granting of preliminary injunctive relief is left to the sound discretion of the trial court, the moving party bears the burden of satisfying the four prerequisites for this extraordinary relief. *Canal Authority of State of Florida v. Callaway*, 489 F.2d. 567, 572 (5th Cir. 1974).

The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest. *Id*. These requirements are not balanced. Instead, each one must be met before the court can provide such extraordinary and drastic relief. *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985)

The plaintiff's motion falls short when tested by these standards. The motion reiterates plaintiff's complaints that his medical needs are being met with deliberate indifference, but in no way establishes with any likelihood that he will prevail on the merits or that there is a substantial threat of imminent irreparable injury. Likewise, plaintiff's request that Thomas Lehman and Juan Santos be arrested, prosecuted and indicted does not meet any of the above requirements and demands relief that is not available or appropriate in a civil action pursuant to 42 U.S.C. § 1983. Juan Santos is not even a party to this action and the court has previously informed plaintiff that any action against Juan Santos must be filed in a separate proceeding. See Order [99].

A primary justification for granting preliminary injunctive relief is to preserve the court's ability to render a decision on the merits. *Mississippi Power & Light Co.,* 760 F.2d at 627. This

court concludes that it will be able to render a meaningful decision on the merits without granting the requested relief.   Therefore, mindful of the foregoing standards, it is the recommendation of the undersigned that the court deny the Motions [108][119] to Compel.

### NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636 (b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS,  the 6TH  day of June, 2007.


s/ Michael T. Parker
United States Magistrate Judge