IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLIE L. TAYLOR                                                                                  PLAINTIFF

versus                                                          CIVIL ACTION NO. 2:05-cv-381-KS-MTP

JOHN BERRY, *et al.*                                                                            DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to serve process upon certain defendants as required by the rules of court and the court's previous orders. Having considered the record of this case and the applicable law, the undersigned recommends that the plaintiff's claims against Defendants John Berry, Thomas Leham, Steve Holtz, Charles Allen, Marcus Hill, Kerrin Flowers and Correctional Corporation of America be dismissed.

On June 16, 2005 – exactly two years ago – the plaintiff instituted this action pursuant to 42 U.S.C. § 1983 against nine named defendants–John Berry, Thomas Leham, Kentrell Liddell, Steve Holtz, Beverly Shelby, Charles Allen, Marcus Hill, Kerrin Flowers and Maxine Lynch. Defendants Verlena Flagg and Correctional Corporation of America were later added as defendants in one of the plaintiff's numerous amended complaints.[1]

Defendants Kentrell Liddell, Verlena Flagg, Maxine Lynch and Beverly Shelby were served with process and filed an answer [34]. However, plaintiff later voluntarily dismissed defendants' Flagg, Lynch, and Shelby [32, 66] leaving Kentrell Liddell as the only defendant who has been served with process.

As the plaintiff is not proceeding *in forma pauperis,* on July 7, 2005, he was notified by

---

[1] A synopsis of the various pleadings and procedural history of this case may be found in the court's order of April 23, 2007. [99].

memorandum from the Clerk of Court of his responsibility for serving process upon the defendants.  He was also advised by order [99] of April 23, 2007, that his failure to properly serve the complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure could result in dismissal of any unserved defendants.  Now, fifty days after April 23, 2007, order regarding process and two full years into this lawsuit, the docket indicates that process has still not been served on any defendant other than Kentrell Liddell.

Federal Rule of Civil Procedure 4(m) defines the consequences of a plaintiff's failure to serve process within 120 days after the filing of the complaint, including that "the court...shall dismiss the action without prejudice as to [the unserved] defendant."  The 120-day period within which the plaintiff was required to serve the defendants named in the initial complaint expired about twenty months ago ago.  The period for serving Correctional Corporation of America, a defendant added by amendment in January 12, 2006, expired well over a year ago.  Plaintiff did not even request issuance of process for Correctional Corporation of American until May 22, 2007.  Accordingly, all remaining defendants may now appropriately be dismissed from this action. *See Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996).

As noted above, the court instructed plaintiff by order [99] of April 23, 2007, that failure to serve process could result in dismissal.  Plaintiff's only response thus far has been his generic argument that he is somehow hindered due to interference with his mail and with his access to the law library.  This court has previously found such arguments to be patently frivolous. See Report and Recommendation [138 ], [145].  Plaintiff's argument is belied by the literally scores of pleadings he has filed over the past two years in this matter and in civil action number 2:05cv44.  The docket plainly indicates that plaintiff has enjoyed extraordinary access to the courts and freely

files and mails records to this court on a frequent basis.[2]

Moreover, the docket indicates that plaintiff has the assistance of an outside third party who helps him with mailings and communicates with the clerk of court. For examples, see docket entries [125], [143] and [147]. Thus, for the reasons stated above, the court does not find good cause for further extending the time for service of process.

As set forth in the many reports and recommendations and other orders entered herein, this matter has languished for over two years with plaintiff failing to serve process, filing at least ten motions to amend,[3] seeking injunctive relief against non-parties, demanding arrest warrants in this civil action, and taking other actions which have delayed the ultimate resolution of the issues initially raised. This matter must move now forward against the sole party before it if it is to ever reach a resolution.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the plaintiff's complaint as to Defendants John Berry, Thomas Leham, Steve Holtz, Charles Allen, Marcus Hill, Kerrin Flowers and Correctional Corporations of America be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the

---

[2]For example: In February of 2007, plaintiff filed at least seven written pleadings, motions, objections or other documents with the court (see docket numbers 70, 71, 72, 73, 75, 76, and 78); in March of 2007, plaintiff made at least six filings (see docket numbers 82, 83, 85, 86, 88 and 89); in April 2007, plaintiff increased his filings and correspondence with the court with the docket reflecting at least nine pleadings, letters, or other requests for relief (see docket numbers 90, 91, 92, 93, 94, 95, 96, 98 and 105); and in May 2007, the number increased to ten filings (see docket numbers 107, 108, 109, 110, 114, 119, 120, 123, 125 and 135). The trend of constant and apparently unfettered court access has continued this month – June of 2007 – with at least eight filings on or before June 15, 2007, the date of this report and recommendation. (See docket numbers 147, 153, 155, 156, 157, 158, 159, and 160.)

[3]See Order of April 23, 2007 [99].

recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 15th day of June, 2007.

s/Michael T. Parker
United States Magistrate Judge