IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


CHARLES TAYLOR                                                          PLAINTIFF

v.                                                          **No. 2:05cv381KS-MTP**

JOHN BERRY, et al.                                                     DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court for consideration of Plaintiff's Motion for Summary

Judgment" [198].  Having considered the motion along with the entire record and the applicable

law, the court recommends that the motion be denied.

Plaintiff's motion states no basis for relief under Rule 56.  First, the motion seeks

summary judgment against parties who were previously dismissed.[1]

Second, this plaintiff long ago forfeited the privilege or proceeding *in forma pauperis*

(IFP) as a result of numerous frivolous filings in this court.[2]  As he is not proceeding IFP in this

matter, it is plaintiff's obligation to serve process on all defendants. Nevertheless, he is correct

that Honorable John Roper entered a text order directing the marshal to serve process in this

matter after granting one of plaintiff's numerous motions to amend. (see Text order of April 3,

2006.)  Process, however, was returned unexecuted and plaintiff was given other opportunities to

---

[1]The motion seeks summary judgment against John Bearry, Thomas Lehman, Steve
Holtz, Charles Allen, Marcus Hill, Kerrin Flowers, and Correctional Corporations of America.
On July 20, 2007, a judgment [193] was entered dismissing these defendants without prejudice.

[2]See Prisoner Strikes List for the Northern and Southern Districts of Mississippi.  In
addition, the United States Court of Appeals for the Fifth Circuit has sanctioned plaintiff for
frivolous appeals and now requires plaintiff to obtain advance approval of a judge of the forum
court before filing any appeal or initial filing in district court.  See [62]

serve process and did not do so.[3]  Thus, the defendants against whom plaintiff seeks summary

judgment are not before the court.  Summary judgment is not appropriate under these

circumstances.

<u>NOTICE OF RIGHT TO OBJECT</u>

In accordance with the rules and 28 U.S.C. § 636 (b)(1), any party within ten days after

being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party.

The District Judge may accept, reject or modify in whole or part, the recommendations of the

Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file timely written objections to the

proposed findings, conclusions, and recommendations contained within this report and

recommendation within ten days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the proposed factual findings and legal

conclusions accepted by the district court to which the party has not objected.  *Douglass v. United

Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS,  the 19th day of August, 2007.


s/ Michael T. Parker
United States Magistrate Judge

---

[3]The court has addressed the issue of process on several occasions and will not repeat the
story here. See order [99], Report and Recommendations [161].

2