IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHARLIE TAYLOR**                                                                  **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO.  2:05cv381KS-MTP**

**JOHN BERRY, et al.**                                                **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the court on the plaintiff's Motion [120] for Summary Judgment. Having reviewed the motion, the record in this matter and the applicable law, the undersigned recommends that the motion should be denied.

Plaintiff's Motion [120] for Summary Judgment states that he did not receive copies of the defendants' responses to certain motions [72][89]. As a result, he claims that the defendants are in "civil contempt." Motion [120] at 3. He further alleges that certain prison officials are hindering his ability to "serve process, " because certain legal materials were confiscated on December 6, 2006 and December 29, 2006, denying his access to the courts. *Id*. He also claims that his personal and legal incoming and outgoing mail to his home in Florida "is being opened, documents stolen, held for days and weeks then returned to Taylor . . . ." *Id.* at 3-8. Finally, plaintiff alleges that he "has yet to go to legal swap" and is having to answer the court's orders without his "cases" which are in legal storage at Unit 32. *Id*. at 4. In his Motion, plaintiff requests a hearing on this motion.

The plaintiff has previously filed similar motions, such as a Motion for Order to Show Cause [72] and a Motion for Hearing [73], which were denied by Orders [99] [136] dated April 23, 2007 and May 27, 2007, respectively.

Plaintiff urges the court to grant him summary judgment in this case based on the allegations set forth above. No authority is cited for the proposition that this court should grant summary judgment against certain parties for the alleged acts or omissions of other parties. Other than citing to authority regarding the imposition of sanctions for civil contempt, plaintiff cites only to cases regarding the right of access to the courts, a right he has enjoyed, if not abused, in this matter. Moreover, plaintiff has not demonstrated any prejudice or any real denial of access to this court or any other court. The docket reflects that plaintiff has filed scores of pleadings with this court, has had his pleadings liberally construed, and has received numerous time extensions.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Plaintiff's motion [120] fails to meet the requirements of the Rule.

Plaintiff also claims that these alleged facts entitle him to judgment under Rule 50 (a)(2) of the Federal Rules of Civil Procedure. Rule 50 (a)(2) permits parties in jury trials to move for judgment as a matter of law before the case is submitted to the jury. Such motions must "specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." Plaintiff's motion fails to meet these requirements. Moreover, he demonstrates no prejudice and provides no argument or other specific information establishing that he was somehow prevented from asserting or presenting any argument or other pleading to the court.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the plaintiff's Motion

[120] for Summary Judgment be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 29th day of October, 2007.

s/ Michael T. Parker<br>United States Magistrate Judge