IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHARLIE TAYLOR**                                                                                               **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 2:05cv381KS-MTP**

**JOHN BERRY, ET AL**                                                                                     **DEFENDANTS**

## ORDER

This matter is before the court a Motion for Recusal **[#235]** filed on behalf of the plaintiff. The court, having reviewed the motion and being otherwise fully advised in the matter finds that the motion is not well taken and shall be denied. The court specifically finds a follows:

The plaintiff has moved to disqualify this Judge on the basis of his alleged personal bias or prejudice against the plaintiff or in favor of the defendants. He has specifically delineated that he is seeking disqualification of the Judge under 28 U.S.C. § 144. The Court, out of an abundance of caution will address his motion to disqualify under § 144 and under 28 U.S.C. § 455.

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before

>the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 455 deals with disqualification of a judge and provides:

>(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
>(b) He shall also disqualify himself in the following circumstances:
>
>>(1) Where he has a personal bias or prejudice concerning a party. . .

As stated above, § 144 requires that this Judge proceed no further once a timely affidavit alleging personal bias or prejudice is filed. Normally, the statute views the affidavit being timely filed as before a trial or motion proceeding in a case. *Davis v. Board of School Commissioners of Mobile County*, 517 F. 2d 1044 at 1050 (5th Cir. 1975). The Fifth Circuit has held,

>If an affidavit filed under § 144 is timely and technically correct, the factual allegations must be taken as true for purposes of recusal. The trial judge may pass only upon the legal sufficiency of the affidavit; (footnote omitted) he may not consider the truth of the matters asserted therein. (citation omitted).

*United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986). In dealing with the legal sufficiency of the affidavit,

>An affidavit is legally sufficient if it meets a three part test: (1) The facts must be material and stated with particularity; (2) The facts must be such that, if true, would convince a reasonable person that bias exists; and (3) The facts must show that the bias is personal, rather than judicial, in nature. (other citations omitted).

*Id.* at fn. 9.

This Court, after carefully reviewing the affidavit of the plaintiff filed herein in

regard to his allegations of bias and prejudice, finds that the affidavit is legally insufficient. "Under both § 144 and § 455, the alleged bias or prejudice must be personal and it must stem from an extra-judicial source which would result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Merkt*, 794 F. 2d at 960. *See also*, *United States v. Reeves*, 782 F. 2d 1323 (5th Cir. 1986).

Clearly the allegations that the plaintiff is making herein in regard to this Judge's personal bias or prejudice are not connected to any extra-judicial source. He is merely alleging that because this Judge made certain rulings with which he did not agree or which he opposed, the Judge must be biased or prejudiced against him. This cannot be the basis for a § 144 recusal as "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). As the *Liteky* Court went on to state "The judge's ruling should constitute grounds for appeal not for recusal." *Id*.

Under 28 U.S.C. § 455 the recusal standard under the amended statute is an objective one. "The relevant inquiry is whether 'a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *Health Services Acquisition Corp. v. Lilgeberg*, 796 F. 2d 796, 800 (5th Cir. 1986), affirmed 486 U.S. 847, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988)(as quoted in *Trevino v. Johnson*, 168 F. 3d 173 at 178 (5th Cir. 1999)).

The Court acknowledges its duty under both § 144 and § 455 to recuse itself any time its impartiality or fairness might reasonably be questioned. However "a judge is as

much obliged not to recuse himself when it is not called for as he is obliged when it is."
*In Re: Drexel Burnham Lambert Inc.*, 861 F. 2d 1307, 1312 (2nd Cir. 1988).

After a careful review of this matter, the Court concludes that the plaintiff has presented no basis for recusal of this Judge.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's motion for recusal **[#235]** is denied.

SO ORDERED AND ADJUDGED, this the 28th day of July, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE