IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLIE TAYLOR

VS.                                                         CIVIL ACTION NO. 2:05cv381-KS-MTP

JOHN BERRY, ET AL

ORDER GRANTING MOTION TO DISMISS MADE DURING
PRETRIAL CONFERENCE BY DEFENDANT KENTRELL LIDDELL, M.D.

This cause is before the Court on an *ore tenus* motion made at the pretrial conference by Kentrell Liddell, M.D., by and through her attorney, Honorable Charles Irvin, to dismiss the Complaint filed herein for the reason that Plaintiff's allegations, even if taken as true, do not establish a cause of actions under 1983 against Defendant Kentrell Liddell, M.D., and the Court after considering the proceedings at the pretrial conference, the submissions made by Taylor in response to the Court's order, and this Court's long familiarity with this litigation, finds that the motion should be sustained and the Complaint dismissed with prejudice for the reasons hereinafter set forth.

FACTUAL BACKGROUND

On June 16, 2005, Plaintiff Charlie Taylor ("Taylor") filed this Complaint against eleven Defendants, Kentrell Liddell, M.D., being one of them. After a long and protracted period and numerous amendments to the Complaint, the pending issue before this Court is whether or not Dr. Kentrell Liddell was deliberately indifferent to a serious medical need of Taylor when he was denied a special diet because of a confrontation he had with Mississippi Department of Corrections ("MDOC") employee Officer Hill.  Taylor's version of the facts as set forth in his

1

response to this Court's order rendered following the pretrial conference is that:

> Taylor wrote Liddell and informed her that her subordinate, Convict Thomas Lehman, [Dr. Thomas Lehman] had prescribed Taylor a 3,000 calorie diet, with snack bag, on November 24, 2004 and later he, (Lehman's) (sic) took this diet back from Taylor in a conspiracy with prison staff at Unit 29 in retaliation to prevent Taylor from exposing to the Courts that prison security staff were depriving Taylor of his recommended diet to sustain his chronic case issues.

Taylor's Motion to Show Cause dated September 5, 2008, ECF docket #263 pages 3 & 4.

Continuing,

> The primary issue in this trial is whether the facts demonstrate deliberate indifference by Liddell. Taylor alleges that prison official exhibits deliberate indifference when the official actually knows of and disregards a prisoner's serious medical needs. (Citations omitted).
>
> Defendant Liddell knew of the action of Thomas Lehman and failed to correct the action which he (sic) had the authority to do so. Medical records revealed that Taylor was provided a 3,000 calorie diet, with snack bag, on November 24, 2004, and was taken back from Lehman on December 12, 2004, after Taylor exposed the action of prison staff. (Citation omitted) (Id. page 4).(ECF #263 page 3)

The issue as delineated by Taylor, is whether or not Dr. Liddell exhibited deliberate indifference to the alleged removal by Dr. Lehman of the 3,000 calorie diet with snack bag.

To support his contentions, Taylor, pursuant to the Court's direction, has furnished the exhibits that he will introduce, as well as the witnesses that he will call at the trial.[1] The exhibits since furnished are as follows:

**Exhibit 1** - March 24, 2008 letter from Dr. Liddell to Plaintiff Charlie Taylor

---

[1] Taylor was directed by the order setting pretrial conference to furnish these, but he did not furnish same.

**Exhibit 2** - April 25, 2007 letter from Dr. Liddell to Penelope Grant.[2]

**Exhibit 3** - Statement of Willie Harris dated May 14, 2008, wherein Harris talks about an incident that occurred on November 19, 2007, during the breakfast meal and why he refused his diet tray.

The statement continues that he "heard Officer Rosebu tell Inmate Charlie Taylor, next door, to circle refuse (sic) 3,000 calorie diet. She never asked why, or told him to state why he refuse (sic) the diet."

**Exhibit 4** - Special restrictive diet sheet November 24, 2007.

The sheet indicates that Taylor received his special 3,000 calorie ADA HS snack, but apparently Taylor has made notations on the sheet that his name was forged for breakfast and snack.

**Exhibit 5** - MDOC policy 25-05-A (Responsibility for Health Authority).

The relevant portion of the policy states, "the facility/site medical director will be the final authority specific to all medical judgments at a contracted facility/site. In cases of conflict, the MDOC medical director will be the final health authority." The policy was apparently issued in December of 2004, and signed off on by Dr. Kentrell Liddell as medical director.

**Exhibit 6** - MDOC policy regarding meal service.   S.O.P. 23-05-01.

A relevant portion of the exhibit states that the minimum average of 2,900 calories per day should be furnished to each inmate. The effective date of the policy is May 1, 2002.

**Exhibit 7** - MDOC Standard Operating Procedure 25-02-F (Nutritional and Medical

---

[2]Ms. Grant is a person who assists Taylor with his litigation. She is a resident of Tallahassee, Florida and also Taylor's girlfriend, who he wants to marry.

Diets).

Relevant portions of the SOP state, "therapeutic diet orders will be based on the following considerations/criteria:

       * type of diet
       * maximum duration ninety (90) days
       * special instructions, if any
       * review and rewrite quarterly
       * review of adequacy every six months by dietician

This policy was made effective April of 2004 and was in effect at the time the special diet was ordered by Dr. Lehman for Charlie Taylor.

**Exhibit 8** - RVR of Charlie Taylor dated December 3, 2004, wherein he is charged with threatening an officer with bodily harm.

The action apparently arose out of Taylor's refusal to move when ordered by the officer.

**Exhibit 9** - It is indicated on Taylor's exhibit list that this is a different RVR, being RVR #549827.

The copy furnished the Court is an exact copy of Exhibit 8.

**Exhibit 10** - A formal complaint from Taylor addressed to Tara James, Investigator, Internal Affairs Department at the MDOC.

It is dated December 22, 2004, and in the complaint Taylor attempts to explain the circumstances of the RVR and his denial of the special diet with snack bag.

**Exhibit 11** - A copy of an email dated October 19, 2007, from Margaret Winter to the National Prison Project of the ACLU Foundation regarding a complaint that she had recently received from Charlie Taylor reporting being denied surgeries that are not relevant to this litigation.

**Exhibit 12** - A copy of an email wherein Dr. Liddell responded to Ms. Winter's emails.

The emails are from January and February 2008 and are applicable to other complaints of Mr. Taylor not relevant to this litigation.

**Exhibit 13 -** A medical service request form dated December 7, 2004 apparently signed by Dr. Lehman, where he clarified with Taylor that he is to receive a cardiac diet that "does not include a snack bag." The request by Taylor states that he was "prescribed a 3,000 calorie with snack bag diet. I am yet to receive this diet and have been placed in lock down for trying to receive it."

Attachments to the documents indicate that Taylor is to receive a 3,000 calorie special diet.

**Exhibit 14 -** Drill down detail report with medical records and the number of incident reports wherein Taylor was disciplined for refusing to work, etc.

**Exhibit 15** - MDOC Standard Operating Procedure 23-02-01 effective March 1 of 2002.

Relevant parts refer to special diets, "meal or dietary modifications prescribed by medical or dental personnel."

Relevant portions of the procedure state that all offenders, including segregation, should be served the same meal...food will not be withheld, nor will food be used as a disciplinary measure against an offender.

In his additional disclosure to the Court, Taylor listed two witnesses:

1. Carl Porter, #R7051, who is currently housed at the East Mississippi Correctional Facility; and

2. George King, #02182, who is currently housed at MSU Unit 30.

It should be noted that none of Taylor's submissions address the issue of damages, which is going to be difficult, if not impossible, to establish without some expert testimony.

### WHAT THIS COURT IS BEING CALLED ON TO DO.

This case is set for trial by jury on September 22, 2008. This litigation's odyssey begin in the court system on June 16, 2005, with the filing of the Complaint and on September 12, 2008, it endured its 260th docket entry. Its history has included over eighty motions by Taylor and two trips to the Fifth Circuit Court of Appeals and after all of the frivolous filings and time spent by the Magistrate Judge, this Court and the Fifth Circuit insuring Mr. Taylor's rights as a citizen, we get down to the question, "was Dr. Liddell deliberately indifferent to his serious medical needs when Taylor was denied a 3,000 calorie diet with a snack in November of 2004?".

Why the Defendant has not filed for summary judgment, this Court cannot answer. But suffice it to say, Taylor has not shown this Court any basis for his lawsuit.

In 1983 actions *respondeat superior* is not applicable. Dr. Liddell is the medical director for the prison system and not the medical director for the institution where Taylor is housed. *See Estable v. Gamble*, 429 U.S. 97 S. Ct. 285, U.S. Tex. 1976. There is no evidence of notice to her or that she approved Taylor being deprived of the prescribed meal. Indeed, the evidence is clear that she would follow up to insure that Taylor would receive what was prescribed. See Taylor's Responses, Exhibit 12. The dates of the notice to Dr. Liddell, if in fact, she was given adequate notice, are at least fifteen months after the alleged incident. The alleged improper actions (the retaliation by the MDOC officer) occurred in November of 2004, and the alleged retaliating officer is not a party to this litigation. The act complained of was an individual act of retaliation by a guard. Dr. Liddell had no direct involvement and, as stated in the affidavits, the medical

director at the institution, Dr. Lehman, has primary authority. An affidavit filed by Dr. Lehman and attached to Taylor's Motion to Show Cause dated September 5, 2008, states,

> I am employed by Wexford Health Services, Inc., as medical director at the Mississippi State Penitentiary;...
> I have also reviewed the Plaintiff's assertions that I am deliberately indifferent to his serious medical needs and have retaliated against him for bringing this lawsuit before this Court;...
> That Taylor was last seen in the chronic care clinic on April 27, 2007, by Dr. Juan Santos;...
> That according to his medical record, Taylor had no complaints at that time;...
> That when he was seen on April 27, 2007, Taylor did not complain about not receiving his cardiovascular diet or medication;...
> That Taylor's cardiovascular diet was renewed on April 11, 2007, by Dr. Dominic Trinca, and his diet as well as his medication, will continue to be renewed and refilled as needed and/or determined by medical staff;...
> That Taylor is on cardio-vascular diet along with appropriate medications for his condition;...
> That there is no SCR (sick call request) in his medical records voicing any complaints regarding his diet;...
> That I have not retaliated against or mistreated Taylor in any way;...
> That I have not been nor do I have knowledge of anyone else being deliberately indifferent to Taylor's serious medical needs;...
> That attached to this affidavit is a collective exhibit "A" of Plaintiff's medical records from April 1, 2007, to present. (ECF # 263, page 2).

*Pro se* litigants should be carefully afforded their rights by judges. Throughout this litigation Mr. Taylor has complained about his access to the Court and, as evidenced by the 260 docket filings, Mr. Taylor's' access to the courts has been better than most. In a previous case, Civil Action No. 2:05cv44-KS-MTP, (a case with an odyssey similar to this one), this Court empaneled a jury, heard evidence and then granted a directed verdict because the case had no merit. In this case the undersigned is being asked to convene a jury, transport witnesses from the

7

penitentiary, require witnesses to attend and allow Mr. Taylor to, once again, waste everybody's time so that he can complain about his snack bag that he did not receive in November of 2004. The medical director, the lone remaining defendant, had no direct involvement and, in fact, there are several layers of authority, including the medical director at the institution, that would necessarily have been involved in passing the information along to Dr. Liddell and Dr. Liddell would have had to have recognized the serious medical need of Taylor and knowingly rejected her stated obligation to insure Taylor's adequate care. Even assuming everything Taylor submitted is true, there is absolutely no proof that this occurred.

A copy of the exhibits and submissions of Mr. Taylor and the transcript of the pretrial conference are being filed herein so that any reviewing court will have the benefit of same.

For all of the above reasons, this Court finds that the Complaint of Charlie Taylor lacks merit and should be **dismissed with prejudice** and the scheduled trial cancelled.

SO ORDERED this, the 18th day of September, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE